UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL WANDICK,<br><br>                Petitioner,<br><br>       v.<br><br>CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>                Respondent. | Case No.   1:20-cv-00745-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST CLAIMS<br><br>RESPONSE DUE IN 30 DAYS<br><br>ECF No. 1 |

Petitioner Krystal Wandick, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner seeks relief from her convictions of voluntary manslaughter and assault with a firearm. *See* ECF No. 1 at 1. Because it appears that petitioner has failed to exhaust some of her claims at

the state level, we will order her to show cause why her petition should not be dismissed for failure to exhaust her claims.

**Discussion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives the state court the initial opportunity to correct the its alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal on November 5, 2019 and the California State Supreme Court denied review on January 15, 2020. ECF No. 1 at 2-3. Petitioner raised one claim for relief in her direct appeal: that the evidence at trial was insufficient to support her conviction. *See id*. Petitioner did not seek any state-level habeas relief. In the instant petition, she now asserts four grounds for relief: that (1) the trial court violated her constitutional rights and that her counsel was ineffective; (2) there was insufficient evidence to support her conviction;[1] (3) two of the witnesses' trial testimony were not credible due to their criminal records; and (4) one of the witnesses lied to the police. *Id*. at 5-11. Petitioner states that she has not exhausted these claims before the state courts. *Id*. Accordingly, it appears that only the second claim was exhausted at the state level and petitioner's first, third, and fourth claims are not exhausted.

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). Generally, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and

---

[1] Petitioner claims that a shooter was never identified. ECF No. 1 at 7. The court will construe this claim as a challenge to the sufficiency of the evidence presented at trial and therefore consider this claim exhausted in the state courts.

unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, a petitioner may avoid dismissal through seeking a stay and abeyance of her petition. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust her claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d at 718-20. In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

Under *Rhines*, a stay and abeyance is available for mixed petitions where a petitioner can show good cause for her failure to exhaust her claims in state court, that her claims are not plainly meritless, and that she has not engaged in abusive litigation tactics. *See Rhines*, 544 U.S. at 278. Upon this showing, the petition may be stayed while petitioner exhausts her claims at the state level. Once a petitioner has exhausted her claims, she may return to federal court with her fully-exhausted petition. If a petitioner desires a stay under *Rhines*, she must demonstrate that she is entitled to a *Rhines* stay in her response this order.

Unlike a *Rhines* stay, a *Kelly* stay does not require a showing of good cause for delay. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). Under *Kelly*, a case moves through three stages: first, the petitioner amends her petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend her federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at 1140-41.

However, petitioner is forewarned that under *Kelly* she will only be able to amend her petition with her newly exhausted claims if those claims are timely when amendment is sought. *See King*, 564 F.3d at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, her claims must either (1) meet AEDPA's statute of limitations

requirements, *see* 28 U.S.C. § 2244(d)[2] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. If petitioner wishes to proceed with a stay under *Kelly*, she must notify us of her intention in her response to this order.

Alternatively, petitioner may proceed with her exhausted claim only. If this is petitioner's intention, she is directed to notify the court in her response to this order.

**Order**

Within thirty days of service of this order, petitioner must show cause why her petition should not be dismissed for failure to exhaust her claims. Petitioner should notify the court whether she wishes to: (1) seek a stay and abeyance under *Rhines*, which will require her to show, *inter alia*, good cause for her delay in exhaustion; (2) proceed with a stay under the *Kelly* procedure; or (3) proceed with her exhausted claim only.

IT IS SO ORDERED.

Dated:   June 2, 2020                         _____
                                              UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[2] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

4