UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL WANDICK,<br><br>    Petitioner,<br><br>    v.<br><br>CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>    Respondent. | Case No.  1:20-cv-00745-JDP<br><br>ORDER DISCHARGING JUNE 3, 2020 ORDER TO SHOW CAUSE<br><br>ECF No. 4<br><br>ORDER DISMISSING PETITIONER'S UNEXHAUSTED CLAIMS<br><br>ECF No. 1<br><br>ORDER TO STAY AND HOLD IN ABEYANCE PETITION<br><br>ECF No. 6 |

Petitioner Krystal Wandick, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On June 3, 2020, we ordered petitioner to show cause why her petition should not be dismissed for failure to exhaust her claims in the state courts. ECF No. 4. In our order, we directed petitioner to either move for a stay and abeyance of her petition under the *Rhines* procedure, notify the court of her intention to proceed with a stay and abeyance under the *Kelly* procedure and to dismiss her unexhausted claims, or to notify the court of her intention to proceed with her exhausted claim only. *Id.*; *see Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Petitioner notified the court of

1

her intention to proceed with a stay and abeyance under *Kelly* and to dismiss her unexhausted claims. ECF No. 6.

Under *Kelly*, a case moves through three stages: first, the petitioner amends her petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend her federal petition, adding the newly-exhausted claims. *See* 315 F.3d at 1140-41. Petitioner is again forewarned that under *Kelly* she will only be able to amend her petition with her newly exhausted claims if those claims are timely when amendment is sought. *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, her claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)2[1] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

Petitioner raised one claim for relief in her direct appeal: that the evidence at trial was insufficient to support her conviction. *See id*. Petitioner did not seek any state-level habeas relief. In the instant petition, she now asserts four grounds for relief: that (1) the trial court

---

[1] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal on November 5, 2019 and the California State Supreme Court denied review on January 15, 2020. ECF No. 1 at 2-3. Absent any statutory or equitable tolling, an amended petition filed by April 14, 2021 will be timely under § 2244(d)(1)(A). We arrive at this date by adding 90 days, the time period for filing a writ of certiorari in the U.S. Supreme Court, to the one-year statute of limitations under § 2244(d)(1)(A). *See Townsend v. Knowles*, 562 F.3d 1200, 1204 (9th Cir. 2009).

violated her constitutional rights and that her counsel was ineffective; (2) there was insufficient evidence to support her conviction;[2] (3) two of the witnesses' trial testimony were not credible due to their criminal records; and (4) one of the witnesses lied to the police. *Id*. at 5-11. Petitioner states that she has not exhausted these claims before the state courts. *Id*. Accordingly, it appears that only the second claim was exhausted at the state level and petitioner's first, third, and fourth claims are not exhausted. Therefore, petitioner's first, third, and fourth claims are dismissed, and petitioner is granted leave to exhaust these claims before the state courts. Petitioner is cautioned that time is of the essence to exhaust her claims.

Accordingly,

1. The June 3, 2020 order to show cause is discharged. ECF No. 4.
2. The petition is amended to dismiss the first, third, and fourth claims. ECF No. 1.
3. The amended petition is stayed and held in abeyance.
4. Petitioner is directed to pursue state court exhaustion without delay.
5. Petitioner is directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving petitioner's unexhausted claims.

IT IS SO ORDERED.

Dated:   June 12, 2020                                   _____
                                                           UNITED STATES MAGISTRATE JUDGE

No. 206.

---

[2] Petitioner claims that a shooter was never identified. ECF No. 1 at 7. The court will construe this claim as a challenge to the sufficiency of the evidence presented at trial and therefore consider this claim exhausted at the state level.